IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALAN C. S.,[1]

        Plaintiff,

v.                                                       Civil Action No. 3:20-cv-815

KILOLO KIJAKAZI,[2]
Acting Commissioner of Social Security,

        Defendant.

## OPINION

The plaintiff Alan C. S. challenges the Social Security Administration ("SSA") Commissioner's final decision denying his claim for disability insurance benefits. On February 7, 2022, the Magistrate Judge issued a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment. The R&R recommends that the Court (1) grant the plaintiff's motion for summary judgment; (2) deny the Commissioner's motion for summary judgment; (3) reverse the Commissioner's decision; and (4) and remand the case to another Administrative Law Judge ("ALJ") for further proceedings consistent with the R&R and the Memorandum Opinion issued by District Judge M. Hannah Lauck in *Saunders v. Berryhill*, 3:18cv643. Because the Magistrate Judge recommends remand on the basis of one of the plaintiff's three arguments, the Magistrate Judge declined to address the plaintiff's other two arguments.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States recommends that, due to significant privacy concerns in Social Security cases, federal courts refer to a claimant only by their first name and last initial.

[2] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Acting Commissioner Kijakazi as the defendant in this suit.

The plaintiff objects to the R&R for its failure to address each of the three arguments he raised on appeal. The plaintiff argues that if this Court considers each of his arguments—not just the argument addressed in the R&R—this Court will find that *no* substantial evidence supports the ALJ's denial of benefits such that it must direct the award of benefits.

But because the ALJ did not adequately explain her determination that the plaintiff is not disabled—specifically, she did not adequately explain why she afforded little weight to the findings of the Veterans Administration ("VA") and the plaintiff's primary care physician, Dr. Christine Lettieri —the Court cannot meaningfully review whether substantial evidence supports her determination. This Court may not, therefore, direct the award of benefits as the plaintiff requests. Thus, the Court will adopt the R&R and overrule the plaintiff's objection.

## I. BACKGROUND

SSA initially denied the plaintiff's claim for disability benefits. Upon reconsideration, the SSA denied the plaintiff's claim again. The plaintiff then filed a written request for a hearing before an ALJ. Following the hearing, the ALJ issued a written opinion denying the plaintiff's claim; the ALJ concluded that the plaintiff was not disabled. The SSA Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision the final decision of the SSA Commissioner ("the Commissioner"), subject to this Court's review.

On September 20, 2018, the plaintiff filed a complaint in this Court, appealing the Commissioner's decision pursuant to 42 U.S.C. § 405(g). (Case No. 3:18cv643, ECF No. 1.) The Court referred the matter to a Magistrate Judge for an R&R pursuant to 28 U.S.C. § 636(b)(1)(B), and the parties filed cross-motions for summary judgment. Upon review, the Magistrate Judge recommended that the Court (1) deny the plaintiff's motion for summary judgment; (2) grant the Commissioner's motion for summary judgment; and (3) affirm the final decision of the

Commissioner. (Case No. 3:18cv643, ECF No. 12.) Upon the plaintiff's objections to the R&R, United States District Judge M. Hannah Lauck rejected the R&R and remanded the case to the Commissioner for further consideration. (Case No. 3:18cv643, ECF Nos. 15, 16.) The SSA Appeals Council then vacated the ALJ's decision and remanded the case for further proceedings.

On August 4, 2020, the ALJ held a second hearing. On August 20, 2020, the ALJ issued a new decision, again concluding that the plaintiff was not disabled and denying benefits. The plaintiff filed another complaint in this Court, seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). (Case No. 3:20cv815, ECF No. 1.) Again, the Court referred the matter to a Magistrate Judge for an R&R pursuant to 28 U.S.C. § 636(b)(1)(B), and the parties filed cross-motions for summary judgment. Upon review, the Magistrate Judge recommends that the Court (1) grant the plaintiff's motion for summary judgment; (2) deny the Commissioner's motion for summary judgment; (3) reverse and remand the final decision of the Commissioner; and (4) on remand, direct the Commissioner to reassign the case to another ALJ for further proceedings consistent with the R&R and the Memorandum Opinion issued by Judge Lauck in *Saunders v. Berryhill*, 3:18cv643. (Case No. 3:20cv815, ECF No. 23.) The plaintiff objects to this R&R.

## II. DISCUSSION

This Court reviews de novo any part of the R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify, in whole or in part, the magistrate judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A court "will affirm the Social Security Administration's disability determination 'when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) (quoting

*Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012)); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (clarifying that the question is not whether the claimant is disabled, but whether substantial evidence supports the ALJ's finding of no disability). Substantial evidence exists to support a finding when there is "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (quoting *Craig*, 76 F.3d at 589). In other words, substantial evidence requires more than a scintilla, but less than a preponderance of the evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at 653. At the same time, however, the Court "must not abdicate . . . [its] duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

The plaintiff asserts three arguments in his appeal of the ALJ's August 20, 2020 decision: the ALJ (1) failed to address the reasons this Court previously remanded the case to the Commissioner, specifically the frequency and severity of the plaintiff's pain episodes; (2) erroneously assigned little weight to the VA findings regarding absenteeism; and (3) violated the treating physician rule as to Dr. Lettieri's opinion. The R&R addresses only the plaintiff's argument regarding Dr. Lettieri's opinion; the Magistrate Judge explains that because he recommends remand based on this argument alone, the R&R need not address the plaintiff's two other arguments.

According to the plaintiff, the R&R's failure to address all three of his arguments harms him for two reasons: (1) had the R&R analyzed his argument about the ALJ's alleged error as to the VA finding, it would have found no substantial evidence supports her assignment of little

4

weight to the VA findings or her finding of no disability, and (2) the ALJ assigned this case on remand may commit these errors again. The plaintiff, therefore, asks the Court to reverse the ALJ's August 20, 2020 decision and direct the award of benefits.

### A. VA Findings

First, the plaintiff contends, as he did in his motion for summary judgment, that the ALJ erred by affording the VA disability rating little weight.[3] Specifically, the plaintiff contends that the ALJ improperly afforded little weight to the VA findings that the plaintiff "has suffered from incapacitating episodes" due to his back "of at least 6 weeks during the past 12 months," (R. at 216)—an "underlying finding of fact by the [VA] which led to [the disability] rating," (ECF No. 24, at 3.)[4] The plaintiff argues that the Magistrate Judge should have analyzed this argument in the R&R because had he done so, the Magistrate Judge would have found that no substantial evidence supports the ALJ's finding of no disability. Thus, this Court should consider this argument, find in the plaintiff's favor, and direct the payment of benefits.

"A court may . . . reverse and direct the award of benefits only in the unusual case in which it can be determined, even in the absence of an explanation, that there is no account on which substantial evidence could support a denial of benefits." *Carr v. Kijakazi*, No 20-2226, 2022 WL

---

[3] "[T]he SSA must give substantial weight to a VA disability rating" unless "the record before the ALJ clearly demonstrates that such a deviation is appropriate," in which case the ALJ "may give less weight to a VA disability rating." *Bird*, 699 F.3d at 343. "[I]n order to demonstrate that it is 'appropriate' to accord less than 'substantial weight'" to a VA disability rating, "an ALJ must give 'persuasive, specific, valid reasons for doing so that are supported by the record.'" *Woods v. Berryhill*, 888 F.3d 686, 692 (4th Cir. 2018) (quoting *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)).

[4] The plaintiff's argument—that the ALJ must afford substantial weight to a finding of fact based upon which the VA determined the plaintiff's disability rating—fails. *Bird* requires that the ALJ afford due consideration to the VA's disability rating, not each fact that underlies the VA's disability rating. 699 F.3d at 343.

301540, at *3 (4th Cir. Feb. 1, 2022). "Only in the 'unusual case' will it be clear on review, despite the absence of an explanation from the ALJ, that the record does *not* contain substantial evidence that could support the ALJ's determination." *Id.* at *4. "In most cases, the absence of an adequate explanation for an ALJ's determination will 'frustrate meaningful review,' *Mascio*, 780 F.3d at 636, making it 'impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings,' *Radford* [*v. Colvin*], 734 F.3d [288,] 295 [(4th Cir. 2013)]; *see id.* ('A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling.')." *Carr*, 2022 WL 301540, at *4.

In her August 20, 2020 opinion, the ALJ offered little explanation for her decision to afford little weight to the VA findings as to the plaintiff. She said that the VA disability rating "is not supported by the evidence as a whole." (R. at 1295.) In particular, she cited the vagueness of the VA findings, and evidence "that the claimant was capable of performing a variety of work-related tasks." (*Id.*) This cursory explanation—devoid of citations to the record—makes it impossible for this Court to meaningfully evaluate whether substantial evidence supports the ALJ's denial of benefits. (*See also* ECF No. 23, at 11.) Because the Court cannot determine "that there is no account on which substantial evidence could support a denial of benefits," the Court may not direct the award of benefits as the plaintiff requests. *Carr*, 2022 WL 301540, at *3.

Although this Court may not direct the award of benefits, the ALJ's failure to "build an accurate and logical bridge from the evidence to [her] conclusion" as to the VA disability rating provides another reason to remand this case. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)); (*see* ECF No. 23, at 11.)

## B. Repeated Errors

The plaintiff also expresses concern that history will repeat itself on remand. Even if his case is assigned to another ALJ on remand, "there is nothing to say or guarantee that another ALJ will not" commit the same errors that the R&R declined to address: failing to address the frequency and severity of the plaintiff's pain episodes and erroneously assigning little weight to the VA findings. (ECF No. 24, at 3.)

The R&R, however, directs the ALJ newly assigned to the plaintiff's case on remand to conduct the proceedings consistent with "the Memorandum Opinion issued by District Judge M. Hannah Lauck in *Saunders v. Berryhill*, 3:18-cv-00643." (ECF No. 23, at 12.) In this Opinion, Judge Lauck directed the ALJ to "consider . . . all relevant evidence as it pertains to [the plaintiff's] claims of debilitating back pain episodes and his ability to work on a continuing basis," and to "apply the correct legal standard" when deciding how much weight to afford the VA rating. (Case No. 3:18cv643, ECF No. 15, at 27.) As Judge Lauck explained, the governing legal standards require the ALJ to "to give persuasive, specific, and valid reasons before deviating from affording the [VA] determination substantial weight." (*Id.* at 24.) The ALJ newly assigned to the plaintiff's case on remand must adhere to these directives.

The Court, therefore, declines to direct the award of benefits because of the plaintiff's concern of repeated errors on remand. This Court "appreciate[s] that this case has dragged on for many years," about to begin "its third remand to the agency." *Carr*, 2022 WL 301540, at *5. But this delay is not reason enough "for directing an award of benefits in the absence of a finding that a claimant is indeed disabled." *Id.*

## III. CONCLUSION

The Court will overrule the plaintiff's objections to the R&R, grant the plaintiff's motion for summary judgment, and deny the Commissioners motion for summary judgment. Accordingly, the Court will adopt the Magistrate Judge's R&R.

An appropriate Order will accompany this Opinion.

Let the Clerk send a copy of this order to all counsel of record.

Date: 9 March 2022
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge